UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

LAURA VENTOSO,

                                Plaintiff,

-v-

BILL SHIHARA, *individually*, BITTREX, LLC, and
BITTREX, INC.,

                                Defendants.

19 Civ. 3589 (PAE)

OPINION & ORDER

------------------------------------------------------------

PAUL A. ENGELMAYER, District Judge:

*Pro se* plaintiff Laura Ventoso ("Ventoso") brought this action, alleging common law fraud and violations of New York's Deceptive and Unfair Trade Practices Act, N.Y. Gen. Bus. L. § 349, and its Civil Theft Statute, N.Y. Penal L. § 155.05–155.40. Dkt. 1. On June 26, 2019, the Court referred Ventoso's claims to arbitration, based upon a mandatory arbitration clause under then-applicable Terms of Service and an applicable arbitration agreement. Dkt. 19 ("Arbitration Order"). The Court stayed this case pending the outcome of arbitration and directed the parties to submit joint status update letters every 90 days. *Id.*

Since that date, more than 30 months ago, Ventoso has failed to prosecute an arbitration. On the basis of Ventoso's refusal to comply with the Court's referral order for more than two years, defendants have filed a motion to dismiss for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Dkts. 54–57, 59. To date, Ventoso has not opposed that motion. For the following reasons, the Court grants defendants' motion.

1

## I.     Procedural History

### A.     Failure to Pursue Arbitration Under the Court's June 26, 2019 Order

The Court set out the history of this litigation in detail in its June 26, 2019 Arbitration Order. *See* Dkt. 19. The Court reviews here only the history necessary to give context to the present motion.[1]

On October 4, 2019, Ventoso submitted a letter to the Court, stating that "lots of documents," filed on the docket by defendants, "were never served to [her]," and requesting access to electronic filing on the docket. Dkt. 24. On October 8, 2019, the Court denied the request "[i]n light of the [case's current] stay" and "encourage[d Ventoso] to engage in the arbitration process to resolve her dispute." Dkt. 25. On October 11, 2019, Ventoso filed an order to show cause and supporting affidavit. Dkts. 26–27. On October 16, 2019, the Court, construing the order as a motion for reconsideration of its Arbitration Order and treating the motion *arguendo* as timely, denied the motion on the merits and reminded Ventoso to pursue arbitration or, in the alternative, settle the dispute directly. Dkt. 28. On August 7, 2020, the Court denied, without prejudice, Ventoso's request for a subpoena on defendants to produce the allegedly applicable and deleted Terms and Conditions, reminding Ventoso that "[the] matter is currently stayed pending arbitration." Dkt. 41.

Until June 22, 2020, Ventoso submitted periodic status update letters, but since then has failed to do so. Dkts. 23, 31, 40. Defendants maintain that, since June 22, 2020, Ventoso has also ceased communicating with defendants' counsel. Martirosian Decl. ¶ 5; *see also id.* Exs. D–

---

[1] These facts are drawn from the docket, the declaration of Claire Martirosian in Support of the Motion and supporting exhibits, Dkt. 57 ("Martirosian Decl."), and the supplemental declaration of Claire Martirosian in Support of the Motion and supporting exhibits, Dkt. 60 ("Martirosian Supp. Decl.").

2

H. Defendants have continuously submitted periodic status update letters, each time reporting that Ventoso had not commenced arbitration. Dkts. 20, 29, 34, 37, 42, 44, 46, 48, 58.

On November 9, 2021, defendants filed a motion to dismiss for failure to prosecute ("Motion") and supporting submissions. Dkts. 50–53. That same day, defendants served the Motion on Ventoso by email, and on November 12, 2021, by FedEx. Martirosian Supp. Decl. Exs. M, N. Due to a filing error, the motion papers were not properly docketed until November 29, 2021. Dkts. 54–57. That same day, defendants again served the Motion on Ventoso by FedEx and email. Martirosian Supp. Decl. Exs. O, P. Ventoso did not oppose the Motion. On December 21, 2021, defendants nonetheless filed a reply in support of their Motion. Dkt. 59.

## II.   Discussion

### A.   Legal Standards

Rule 41(b) permits a district court to dismiss an action for failure to prosecute. Although the language of Rule 41(b) is permissive and merely authorizes a motion by defendants, a court may dismiss a case pursuant to Rule 41(b) *sua sponte*. *See Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982). The Second Circuit has made clear that dismissal for failure to prosecute is a "harsh remedy to be utilized only in extreme situations." *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993). "Nonetheless, the authority to invoke it for failure to prosecute is vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." *Lyell*, 682 F.2d at 42.

When considering whether to impose such a remedy, courts must consider the following five, non-dispositive factors: (1) whether the plaintiff's failure to prosecute caused a delay of significant duration; (2) whether the plaintiff was given notice that further delay would result in dismissal; (3) the likelihood that the defendant will be prejudiced by further delay; (4) the

balance between the need to alleviate court calendar congestion and the plaintiff's right to an opportunity for a day in court; and (5) the efficacy of lesser sanctions." *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004). In weighing the fifth factor, "district courts are not required to exhaust possible lesser sanctions before imposing dismissal or default if such a sanction is appropriate on the overall record." *S. New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 148 (2d Cir. 2010).

### B. Analysis

Applying the five factors set out in *Drake*, the Court finds that Ventoso's years-long failure to initiate arbitration warrants dismissal of this case for failure to prosecute.

First, Ventoso's failure to prosecute has significantly delayed this lawsuit. The Arbitration Order requiring Ventoso to first pursue her claims in arbitration was issued on June 29, 2019. Ventoso has twice—in December 2019 and June 2020—indicated that she was prepared to commence arbitration, but has not done so. Dkts. 31, 40. In fact, since June 22, 2020, she has not filed any status updates as directed by the Arbitration Order, and has ceased communication with defendants' counsel, Martirosian Decl. ¶ 5. The Second Circuit has explained that even "a delay of a 'matter of months' can potentially warrant dismissal." *Yadav v. Brookhaven Nat'l Lab.*, 487 F. App'x 671, 672–73 (2d Cir. 2012) (summary order) (citing *Lyell*, 682 F.2d at 43); *see also Chira v. Lockheed Aircraft Corp.* 634 F.2d 664, 666–68 (2d Cir. 1980) (affirming dismissal where plaintiff had failed to take any action for six months). Courts in this District have repeatedly dismissed suits for failure to prosecute for periods shorter than two and a half years. *See Samman v. Conyers*, 231 F.R.D. 163, 165 (S.D.N.Y. 2005) (finding delay of significant duration where plaintiff had failed to cooperate with defendants' discovery requests and the amended complaint had been filed "more than two years ago"); *Dhaliwal v. Mallinckrodt*

4

*PLC*, No. 18 Civ. 3146 (VSB), 2020 WL 5236942, at *2 (S.D.N.Y. Sept. 2, 2020) ("nearly a year" of inaction); *West v. City of New York*, 130 F.R.D. 522, 525 (S.D.N.Y. 1990) (19 months); *Yacub v. Coughlin*, 105 F.R.D. 152, 153 (S.D.N.Y.1985) (21 months). Ventoso's dilatory conduct has exceeded two and a half years. The Court therefore finds the first factor to favor dismissal.

Second, Ventoso was amply on notice that she was required to arbitrate her claims. On June 26, 2019, the Court instructed her to pursue her claims in arbitration. Dkt. 19. Thereafter, in three separate orders, the Court referred to Ventoso's need to pursue arbitration before seeking review in this Court: on October 8, 2019, Dkt. 25, on October 16, 2019, Dkt. 28, and on August 7, 2020, Dkt. 41. The Court's October 8, 2019 order, in particular, "encourage[d Ventoso] to engage in the arbitration process to resolve her dispute." Dkt. 25. Defendants' pending Motion and Reply, too, put Ventoso on notice that her suit was subject to dismissal. Dkts. 54, 59. *See Stoenescu v. Jablonsky*, 162 F.R.D. 268, 271 (S.D.N.Y. 2005) ("[T]his motion [to dismiss for failure to prosecute] put Stoenescu on notice that defendants were seeking dismissal."); *Rodriguez v. Walsh*, 92 Civ. 3398 (PKL), 1994 WL 9688, at *2 (S.D.N.Y. Jan. 14, 1994). On December 22, 2021, in response to defendants' most recent status letter, the Court announced that it would "resolve defendants' [Motion] in short order." Dkt. 62. Defendants, too, put Ventoso on notice that her claims were subject to dismissal when they served the Motion on her by email on November 9, 2021, and again on November, 29, 2021. Martirosian Supp. Decl. Exs. M, O. *See Lopez v. Catholic Charities of the Archdiocese of New York*, No. 00 Civ. 1247 (AGS), 2001 WL 50896, at *4 (S.D.N.Y. Jan. 22, 2001) (finding notice where "[d]efendant also sent a copy of the motion papers to Mr. Lopez himself via facsimile"). Ventoso, for her part, has not

5

taken any action showing an intent to pursue arbitration. The second factor thus also supports dismissal.

The third factor, too, favors dismissal. "[P]rejudice to defendants resulting from unreasonable delay may be presumed . . . [while] the need to show actual prejudice is proportionally greater" where the "delay is more moderate or excusable." *Lyell*, 882 F.2d at 43 (citations and internal quotations marks omitted). Ventoso has not merely delayed prosecuting her case, but has altogether ceased responding to defense counsel's attempts to communicate. *See* Martirosian Decl. ¶ 5; *id.* Exs. D–H. Ventoso has also failed to submit periodic status letters, as directed, since June 2020. In light of Ventoso's failure to prosecute her case for two and a half years, and her one and a half years of complete unresponsiveness, the Court finds Ventoso's delay unreasonable, and presumes prejudice in favor of defendants.

The fourth and fifth factors also favor dismissal. The Court cannot bypass arbitration to review Ventoso's claims. Nor can the Court fashion a lesser remedy to cure the prejudice that Ventoso's refusal to initiate arbitration imposes on defendants. The Court has already required Ventoso to pursue arbitration several times in the preceding two and a half years.

Accordingly, the Court dismisses this action for failure to prosecute. This dismissal is with prejudice. *See Rubin v. Abbott Labs.*, 319 F.R.D. 118, 119 (S.D.N.Y. 2016) ("Federal Rule of Civil Procedure 41(b) is a discretionary measure that allows courts to dismiss a case with prejudice where the 'plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order . . . .'" (quoting Fed. R. Civ. P. 41(b)); *Caussade v. United States*, 293 F.R.D. 625, 631 (S.D.N.Y. 2013).

**CONCLUSION**

For the foregoing reasons, the Court dismisses this action with prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). The Court respectfully directs the Clerk of Court to terminate the motion pending at Dkt. 54 and to close this case.

SO ORDERED.

                                        *Paul A. Engelmayer*
                                        PAUL A. ENGELMAYER
                                        United States District Judge

Dated: January 3, 2022
           New York, New York